UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 16-60353-CR-BLOOM/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,
vs.

FREDY FERNANDO RUAS COLOBON,

        Defendant.
_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on Defendant's pro se Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 102. The Honorable Beth Bloom, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 111; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the Government's Response in Opposition, ECF No. 104, the Probation Office's Retroactive Amendment 821 Memo, ECF No. 114, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motion be GRANTED, and that the Court reduce Defendant's sentence, as more fully discussed below.

## BACKGROUND

On December 20, 2016, the Defendant Fredy Jairo Colobon ("Colobon") and codefendants Jhon Espanaruiz ("Espanaruiz"), Walter Geronimo Olivo ("Olivo"), and Wilfrido Mendoza Sanchez ("Mendoza Sanchez") were indicted and charged with

conspiracy to violate the Maritime Drug Law Enforcement Act ("MDLEA") by possessing with the intent to distribute at least five (5) kilograms of cocaine (Count 1) while on board a vessel on the high seas off the coast of Guatemala. The vessel was subject to the jurisdiction of the United States pursuant to Title 46, United States Code, Sections 70503(a)(1) and 70506(b). ECF No. 12. The amount of cocaine on board was an estimated 755 kilograms. On February 21, 2017, Defendant pleaded guilty to Count 1 of the Indictment pursuant to a plea agreement, ECF No. 35, and a stipulated factual proffer, ECF No. 34.

A Presentence Investigation was ordered, and the resulting report (PSI) established an advisory guideline range of 210–262 months' imprisonment, based upon an adjusted base offense level of 37 and a criminal history category of I (zero criminal history points). On April 28, 2017, the Court varied downward from the advisory guideline range and sentenced Colobon to a term of imprisonment of 180 months (to be followed by five years' supervised release). ECF No. 75. Colobon now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

## **LEGAL STANDARD**

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Under § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the defendant's sentence was initially determined using a guideline imprisonment range that was later lowered by a subsequent retroactive amendment to the United States Sentencing Guidelines. To do so, the district court must consider the applicable factors set forth in 18 U.S.C. § 3553(a) and determine that a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c);

2

*United States v. Bravo,* 203 F.3d 778, 780-81 (11th Cir. 2000).

A defendant is eligible for relief only if a retroactive amendment to the guidelines lowers the applicable advisory range. *Dillon v. United States*, 560 U.S. 817, 825-827 (2010). In such a case, the district court must apply the following two-step analysis:

> First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact.
>
> Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

*United States v. Dewitt*, 294 Fed. Appx. 585, 587 (11th Cir. 2008).

The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the Sentencing Guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants with similar records and similar offense conduct; (7) the need to provide restitution to any victim of the offense (*see* 18 U.S.C. § 3553(a)) and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, comment. (n. 1(B)).

A new sentencing guideline, effective November 1, 2023, provides a decrease of two levels from the offense level for defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet all the following criteria to be eligible for relief:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;

2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

3. the defendant did not use violence or credible threats of violence in connection with the offense;

4. the offense did not result in death or serious bodily injury;

5. the instant offense of conviction is not a sex offense;

6. the defendant did not personally cause substantial financial hardship;

7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

## ANALYSIS

To begin with, Colobon **is eligible** for a reduction under U.S.S.G. § 4C1.1, as he meets all the listed criteria.  The Government agrees that he is eligible, ECF No. 104 at 6, and the Probation Office concurs, ECF No. 114 at 3.  Application of the two-level reduction produces a new advisory guideline range of 168–210 months imprisonment.

The Government nevertheless opposes the requested reduction, arguing that the original 180-month sentence was the result of a downward variance, but that this sentence is now squarely within the newly adjusted guideline range.  The Government further argues that the existing sentence was a just and reasonable sentence that took into account all relevant sentencing factors under § 3553.

In support of its argument, the Government quotes at length its written response (ECF No. 71) to Defendant's previously-filed request for a downward variance (ECF No. 55).  Then and now, the Government emphasizes the large quantity of cocaine and its street value, but also stresses this defendant's status as master of the go-fast vessel. The Government reminds the Court that that when the Coast Guard encountered this vessel on the high seas, the boat helmed by Colobon fled at high speed while the crewmembers jettisoned the bales of cocaine into the ocean.  The go-fast vessel was only brought to a halt after the Coast Guard fired warning shots.  The Government also points out that this defendant was never debriefed, and originally maintained that the boat had been hijacked at sea and that the crew were forced to transport the cocaine under threat of death. ECF No. 104 at 8—9. (Colobon and the other defendants later retracted this story and accepted responsibility for the actual offense conduct, as outlined in the stipulated factual proffer.  ECF No. 34 at 3; ECF No.50 at 5-6.)

The Government's response also quotes the Sentencing Judge's stated rationale for imposing a sentence that was "a small departure" from the then-applicable guideline range, but which accounted for Colobon's status as master of the vessel. Specifically, the Court reasoned that "[a]s master of the vessel, I believe that you bear more responsibility, and the advisory guidelines reflect that. They reflect an enhancement due to your involvement." ECF No. 94 at 18-21; ECF No. 104 at 10. Ultimately, the Court settled on a number that was below the low end of the guideline range (210 months), but still significantly higher than the sentences imposed on the crew members (120 and 135 months). The Court sentenced Colobon to 180 months' imprisonment. The Government asks the Court to leave that sentence undisturbed.

Colobon, on the other hand, asks the Court to reduce his 180-month sentence. In addition to the straightforward change-in-the-guidelines argument, Colobon represents that he "is doing what is required to get the benefits of this sentence reduction," and that he "has been a model inmate and has not received any infractions while incarcerated." ECF No. 102 at 3. Courts considering resentencing or a reduction "regularly have considered evidence of postsentencing rehabilitation . . . when raised by the parties." *Concepcion v. United States*, 597 U.S. 481, 498–99 (2022) (collecting cases). Colobon's prison record is therefore appropriate for the Court to consider.

It is clear that the zero-point guideline amendment was meant to confer an additional sentencing benefit to defendants who have no criminal history points. Colobon is therefore eligible for a reduction—he is unquestionably within the class of defendants targeted for this benefit. But any reduction may not go below the low end of the new adjusted guideline range. U.S.S.G. § 1B1.10(b)(2)(A). The Sentencing Court is therefore

free to exercise its discretion and either leave the existing 180-month sentence in place, or resentence within the newly established guideline range, as low as 168 months.

The undersigned cannot know how closely tethered Defendant's prior downward-variance sentence was to the then-appropriate but now outdated guideline range. Nonetheless, when considering whether a reduced sentence would be appropriate, the Sentencing Judge should consider factors such as: the amount of cocaine involved; Defendant's status as master of the vessel; his comparative lack of cooperation at the time of arrest; sentences imposed upon similarly situated defendants in this and other cases; and Defendant's unrebutted proffer regarding his efforts at post-arrest rehabilitation.  Additionally, there may have been other considerations raised during or before the sentencing hearing that influenced the Sentencing Judge's exercise of discretion in imposing an appropriate sentence.

In the end, a small reduction to the lowest allowable sentence of 168 months confers the benefit intended by the Sentencing Commission but preserves some separation between this more culpable defendant and his codefendants.[1]  Accordingly, the undersigned respectfully recommends that the Court reduce Colobon's sentence to 168 months' imprisonment, unless such a reduction conflicts with the Court's overall view of this defendant and this offense conduct.

---

[1] The undersigned previously recommended that codefendant Espanaruiz's sentence be reduced to the minimum 120 months, matching the original sentence of codefendant Olivo.  ECF No. 119.  It does not appear that codefendant Sanchez (135 months) has yet requested a similar reduction.

**RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS that the Court reduce Defendant's sentence to 168 months' imprisonment.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 13th day of March, 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
　　The Honorable Beth Bloom
　　All Counsel of Record